## C. LONG v. ELIZA P. RHOADS, ADMRX.

ERROR TO THE COURT OF COMMON PLEAS OF CUMBERLAND COUNTY.

Argued April 29, 1889—Decided May 13, 1889.

(a) In an action of assumpsit, the plaintiff filed a narr and bill of particulars averring in substance that the defendant sold land of plaintiff, had taken the security for the purchase money in his own name and fraudulently refused to collect thereon, that he might profit by the high rate of interest paid: the defendant pleaded payment, and payment with leave and set-off, but gave no notice of special matter.

(b) At the trial, plaintiff proved and put in evidence a receipt for a deed to be delivered, wherein defendant agreed to pay plaintiff $1,100 less expenses, as the payments of the purchase money on the land were made to him; that defendant had sold the land, delivered the deed, received interest from the purchaser, and from time to time promised to pay plaintiff his share of the purchase money and interest.

(c) The defendant offered to prove that the security he had taken for the purchase money was not good and could not be collected; this offer was refused. The defendant offering no evidence to prove payment, the court instructed the jury that under the pleadings, and the evidence if believed, the plaintiff was entitled to recover.

1. Under the pleadings and evidence in this case, there was no error in the instruction of the court to the jury: there was nothing in the above receipt which would justify the defendant in accepting a mortgage for the purchase money in his own name, and holding the same for several years; wherefore, the question of the value of said mortgage was immaterial.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 33 July Term 1888, Sup. Ct.; court below, No. and Term not given.

On January 2, 1885, Eliza P. Rhoads, administratrix of John P. Rhoads, deceased, brought assumpsit against C. Long. The narr declared for money had and received, and the plaintiff's bill of particulars filed was as follows:

"The plaintiff claims to recover the sum of eleven hundred dollars, with interest at the rate of 10 per cent per annum, from July 11, 1871, being the one half of the purchase money of land owned jointly by the defendant and by John P. Rhoads, and which was sold about that date to Emory Miller by the defendant, who in a memorandum of that date, in writing, promised to pay to John P. Rhoads the sum of $1,100, one half of the purchase money, as the payments were made to him by the said Miller. Long took a mortgage from Miller to secure the payments, but did not in the lifetime of Rhoads collect the purchase money; he did, however, collect the interest annually, at the rate of ten per cent, which he has failed to account for, and refused to pay Rhoads the one half of the purchase money because the payments, as he alleged, had not been made to him by Miller. The mortgage is good and could have been collected, and Long neglects and refuses to collect it for the purpose of delaying payment to the plaintiff, and to use, for himself, the interest at the high rate of 10 per cent, which he collects."

The defendant pleaded, payment, payment with leave and set-off. During the trial the additional pleas of non-assumpsit, non-assumpsit infra sex annos, were added.

A rule upon the defendant to file a bill of particulars was disregarded.

At the trial on November 29, 1887, the plaintiff offered in evidence the following paper: " Received July 11, 1871, from John P. Rhoads, a deed from himself and wife to Emory Miller for three hundred and twenty acres of land in Hamilton county, Iowa, which I have sold to said Miller for twenty-two hundred dollars, one half of which, to wit: eleven hundred dollars, less one half of the expenses in making said sale, I agree to pay to said Rhoads as the payments are made to me by the said Miller. C. LONG," to be followed by proof that the defendant

sold the land, delivered the deed, received the interest, and promised from time to time to pay the one half with interest to Rhoads, and eventually, in January, 1883, distinctly and unequivocally agreed to pay the same, debt and interest, on May 1, 1883.

Defendant's counsel objected, that the offer contradicted the bill of particulars filed, and was therefore inadmissible, the action being one of assumpsit for money had and received.

By the court: We will admit the evidence, and seal a bill for defendant.[1]

In the defendant's case, John L. Barner, a son-in-law of the defendant, was called:

Mr. Hays: To negative a statement, contained in this bill of particulars, that the mortgage is good and could have been collected, and that Mr. Long refused to collect it, for the purpose of paying it to the plaintiff, and that he uses for himself the high rate of interest, at the rate of ten per cent, which he collects, we propose to prove, by the witness on the stand, that the mortgage is not good, and that the money cannot, in the opinion of the witness, who has been upon the ground, be collected; and that at no time since the maturing of the mortgage could it have been collected by adverse proceeding.

Mr. Hepburn: Objected to, (1) because the defendant has filed no bill of particulars of his defence. (2) The witness is incompetent to answer the question. (3) It is not the best evidence of the fact offered. (4) The defendant has treated the mortgage as good by retaining it up to the present time, and the evidence is irrelevant and incompetent.

By the court: We think these objections are well taken. We, therefore, sustain them, overrule the offer, and seal a bill for the defendant.[3]

The court, BARNETT, P. J., 41st judicial district, specially presiding, charged the jury:

It [the bill of particulars] alleges that the mortgage is good, and that Long neglected to collect it because he used for himself the interest at the high rate of ten per cent which he collected. This constitutes the record of the plaintiff's cause of action.

The pleas to this suit are non-assumpsit infra sex annos, pay-

ment, payment with leave, and set-off. The plea of payment acknowledges or admits the plaintiff's cause of action. The Rule of Court before referred to further provides that when a general or short plea is entered or any plea not specifically stating the items of defence, in any action whatever, the plaintiff may, in like manner, enter a rule on the defendant to file a bill of particulars, and on failure to comply within twenty days after notice thereof, no evidence shall be admitted of fraud, want of consideration, particular payment, or other special matter of defence. The plaintiff ruled the defendant to file his bill of particulars of his defence. The defendant neglected to comply with that rule. The consequence is that he is not permitted to give in evidence any fraud, want of consideration, particular payments, set-off, defalcation, or other special matter of defence. This rule of court upon the defendant, and his neglect to file his bill of particulars thereunder produces this result. It operates upon the pleas of payment with leave and set-off, and the plea of payment admits the plaintiff's cause of action. In law, payment means, sometimes, any good reason shown why payment should not be made, as want of consideration, or fraud, or anything which in law or equity would discharge the party from making payment. But so far as that defence under the plea of payment is concerned, it is excluded by reason of the failure to file the bill of particulars. The other kinds of payment would be actual payment in money, or such an arrangement between the parties that the plaintiff would accept it as a payment, by reason of a settlement made, in which the plaintiff agreed that it might be accepted in reduction of his own demand.

[There has been no evidence of an actual settlement made in this case. The plea of payment admits the original cause of action, and that cause of action is not simply the interest growing out of this purchase money, but the one half of the purchase money. Therefore, under the pleadings in this case, and the evidence in the case, if the witnesses are believed we think that the plaintiff is entitled to recover. We have to look, as a matter of course, both at the pleadings and the evidence in the case, and under the pleadings in this case and the evidence given under those pleas, we think that the plaintiff is entitled to recover, because no actual payment in money has been

shown, or attempted to be shown; and no actual settlement has been shown between the parties, in which this amount was treated as a payment.] [10]

We have said, gentlemen, that under the pleas as I understand them, and the evidence given in this case, we think that the plaintiff is entitled to recover. Then the next question is, how much is he entitled to recover?

The court then instructed the jury that if the plaintiff was entitled to recover, he was entitled to interest at the legal rate in Iowa, viz., 8 per cent, and continued:

[It is very evident that, if Mr. Long, in whose name this mortgage was made, and who had complete legal control over it, to the exclusion, therefore, of Mr. Rhoads, preferred not to collect it, he could not delay payment for the balance of his lifetime and offer that as an excuse for not paying Mr. Rhoads. The matter must receive a reasonable construction. He must either collect within a reasonable time, or show an unsuccessful attempt to collect, in order to relieve himself from the payment to Mr. Rhoads of the one half of the consideration money.

The consideration money fell due on August 1, 1881. This suit was brought in January, 1885. The difference between the time when this mortgage fell due and when this suit was begun, we think, would have been a reasonable time within which Mr. Long should either have collected this mortgage, or have shown by evidence an unsuccessful attempt to collect it, and thereby relieve himself from payment; and that an absence of any attempt within such reasonable time as has elapsed would render him chargeable with the amount of the mortgage as if it had been actually collected.] [11]

[Under the evidence of this case, therefore, gentlemen, particularly, so far as it has been given by the Messrs. Rhoads, with regard to the declarations of Mr. Long that he would pay the amount of this mortgage, we think that this jury is warranted in treating them as an election on the part of Mr. Long to consider this mortgage as his own; or, at all events, there having elapsed such reasonable time within which he ought to have collected it, and in the absence of evidence showing that it was uncollectible, he is responsible for one half of the purchase money. If the evidence is believed, therefore, the jury is warranted in finding in favor of the plaintiff, the sum of

eleven hundred dollars with interest at the rate of eight per cent from August 1, 1879.] [12]

The jury returned a verdict for the plaintiff for $1,833.08. A rule for a new trial was discharged, the court on March 27, 1888, filing the following opinion:

The fourth reason for a new trial is based on the omission to give effect to the plea of non-assumpsit, to which attention was called before the charge was completed; and the fifth reason alleges error in charging the jury that the pleadings admitted the plaintiff's claim as set forth in the declaration and bill of particulars. These two reasons may be considered together.

The plea of non-assumpsit, if not added before the evidence was concluded, was afterwards too late. If it requires the plaintiff to prove a fact not previously put in issue, it ought to be refused if offered after the evidence is closed. If it does not, it is without significance, and its refusal does the defendant no harm. We content ourselves with referring to Glazer v. Lowrie, 8 S. & R. 498; Ridgely v. Dobson, 3 W. & S. 118; Hartman v. Keystone Insurance Co., 21 Pa. 466; recognized in Yost v. Eby, 23 Pa. 332. We are of opinion that, if from misapprehension, whether on the part of court or counsel, the plea of non-assumpsit was not added when the other plea [of non-assumpsit infra sex annos] was offered, the only effect it could have had would have been to change the form of the charge to the jury without affecting the verdict; and that, if offered for the first time when the jury were being charged, there was no error in omitting special instructions thereon under the evidence offered in the trial of this particular case. The plea of payment with leave, etc., in default of notice of the special matter, was without effect. The statute of limitations had no application to the facts, and there was no evidence of set-off. Practically there was left only the plea of payment, and practically the cause of action set forth in the narr and bill is, that defendant sold the land of John P. Rhoads for $1,100, and took the security in his own name, which he fraudulently refused to collect in order that he himself might profit by the high rate of interest; and for this, plaintiff claimed to recover damages. That this plaintiff's cause of action was therefore admitted by the pleadings, we apprehend, will appear from an examination

of the following authorities, to which for lack of time, we simply refer: Abbott v. Lyon, 4 W. & S. 38; Hamilton v. Moore, 4 W. & S. 570; Gilinger v. Kulp, 5 W. & S. 264; Covely v. Fox, 11 Pa. 171; McNair v. McLennan, 24 Pa. 386; Gebhart v. Francis, 32 Pa. 78; Loose v. Loose, 36 Pa. 538. But this case was not disposed of on the pleadings. Judgment was not entered on demurrer, by default, or for want of sufficient affidavit of defence. And even if the pleas did not admit the plaintiff's cause of action, it was proved by her evidence. If there was error in the charge in this particular, we are of opinion it did no harm to the defendant.

Judgment having been entered on the verdict, the defendant took this writ assigning as error, inter alia:

1. The admission of plaintiff's offer.[1]

3. The refusal of defendant's offer.[3]

10–12. The portions of the charge included in [ ] [10 to 12]

13. The refusal to give effect to the plea of non-assumpsit.

*Mr. John Hays* (with him *Mr. R. M. Henderson*), for the plaintiff in error.

*Mr. S. Hepburn, Jr.* (with him *Mr. F. E. Beltzhoover*), for the defendant in error.

PER CURIAM:

This case went to trial below, as the record shows, upon the pleas of payment, and payment with leave. There was no notice of special matter given under the equitable plea; hence the only plea, practically, was that of payment. This admitted the case as set forth in plaintiff's narr and claim, which amounted to this: That the defendant below sold the land of John P. Rhoads for $1,100, and took the security in his own name; that he fraudulently refused to collect it in order that he might profit by the high rate of interest. For this the plaintiff claimed to recover damages. It is not singular that in this he succeeded in the absence of proof of payment. There was nothing in the receipt of July 11, 1871, to justify the defendant in accepting a mortgage for the property in question in his own name and holding the same for several years.

Statement of Facts.

When he took the mortgage in this manner he became responsible to the plaintiff's intestate for the money, and the question whether said mortgage is now good was immaterial. We find no error in the record.

Judgment affirmed.